UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| NOREEN JORGENSEN, individually and as Trustee of B&B PROPERTIES REVOCABLE LIVING TRUST, and BLUE TIN RANCH LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>UNION COUNTY, UNION COUNTY BOARD OF ADJUSTMENT, UNION COUNTY BOARD OF COUNTY COMMISSIONERS, UNION COUNTY PLANNING COMMISSION, UNION COUNTY PLANNING DIRECTOR a/k/a UNION COUNTY ZONING DIRECTOR, UNION COUNTY STATE'S ATTORNEY'S OFFICE, JERRY MILLER in his individual and official capacity, and DENNIS HENZE in his individual and official capacity,<br><br>Defendants. | 4:22-cv-04124-KES<br><br>ORDER GRANTING IN PART AND DENYING IN PART UNION COUNTY STATE'S ATTORNEY'S OFFICE AND JERRY MILLER'S MOTION TO DISMISS |

Plaintiffs, Noreen Jorgensen and Blue Tin Ranch LLC, filed a complaint against defendants Union County and various Union County Officials on September 7, 2022. Docket 1. Defendants Jerry Miller and the Union County State's Attorney's Office (UCSAO) move for their dismissal. Docket 15.

**BACKGROUND**

I.  **Factual Background**

When reviewing a Rule 12(b)(6) motion to dismiss, the court accepts as true "the well-pleaded allegations in the complaint and draws all reasonable

inferences in favor of the non-moving party, but [is] 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *PPW Royalty Trust by and through Petrie v. Barton*, 841 F.3d 746, 753 (8th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The court must generally ignore materials outside the pleadings, but it may consider materials that are "necessarily embraced by the pleadings." *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (citation omitted). Material "embraced by the complaint include[s] 'documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleadings.' " *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012) (quoting *Kushner v. Beverly Enters., Inc.*, 317 F.3d 820, 831 (8th Cir. 2003)).

This case arises out of a dispute between plaintiffs and Union County. Docket 1 at 1. Jorgensen is a trustee of a trust (Trust) that owns agriculturally zoned property (Property) in Burbank, South Dakota. *Id.* ¶¶ 9-10. The Trust rents the Property to Blue Tin Ranch and plaintiffs desire to use the Property to hold large events including weddings, family reunions, and other large social events. *Id.* ¶¶ 11-12. Plaintiffs allege they have attempted to communicate and take formal action with Union County regarding their desired use of the Property. *Id.* ¶ 13. Plaintiffs further allege that, over the course of over two years, USCAO and Miller have failed to take any meaningful action regarding the Property and have threatened plaintiffs with fines, injunctions, and investigations. *Id.* ¶¶ 15, 30-31. Plaintiffs bring a claim under 42 U.S.C. § 1983

and 28 U.S.C. § 1343 alleging Miller and UCSAO violated their constitutional rights under the First and Fourteenth Amendments. *Id.* ¶¶ 58-108.

Plaintiffs allege that, in February 2021 and October 2021, Miller threatened to pursue criminal charges and injunctive relief against plaintiffs because they allowed people to gather on the property. *Id.* ¶ 24. Plaintiffs further allege that two county commissioners, Miller, and the Planning Director, advised them in an in-person meeting on the Property in February of 2022 that they did not want plaintiffs charging for weddings or events because it violated the current zoning ordinance, but that they had no problem with other gatherings if charges beyond the hunting lodge were not involved. *Id.* ¶ 19. Plaintiffs' attorney sent multiple detailed emails to Miller and various other County officials seeking advice on how to present plaintiffs' issue to the planning commission to change the relevant ordinance, but plaintiffs' complaint does not indicate Miller responded to these emails. *Id.* ¶¶ 26-30. Following multiple emails from plaintiffs' attorney, the Union County planning director sent a cease-and-desist letter to plaintiffs demanding that plaintiffs cease using the Property as an event center to hold large gatherings. *Id.* ¶ 28. After the planning director sent the cease-and-desist letter, plaintiffs allege that the County Commission authorized Miller to proceed with investigating, charging, fining, and enjoining plaintiffs from using the Property as set forth in the complaint. *Id.* ¶ 31. Plaintiffs contend that they were forced to cancel multiple rentals because of defendants' threats and Millers' actions and omissions. *Id.* ¶ 32. Plaintiffs now seek compensatory damages, injunctive

relief, and declaratory relief for alleged financial harm, reputation damages, lost enjoyment of property, lost enjoyment of life, and emotional distress. *Id.* ¶ 61, 63.

## II.   Procedural Background

Plaintiffs filed a complaint on September 7, 2022, naming Union County and various Union County officials and entities as defendants. *Id.* at 1. Notably for this motion, plaintiffs sued the UCSAO and Miller, the Union County State's Attorney, in his individual and official capacity. *Id.* Plaintiffs allege defendants violated plaintiffs' civil rights (Count 1), maintained an illegal policy and custom (Count 2), and retaliated against plaintiffs in violation of 42 U.S.C. § 1983 (Count 3). *Id.* ¶¶ 58-82.  Plaintiffs pray for money damages, declaratory relief, and injunctive relief (Counts 4-6). *Id.* ¶¶ 83-105. Aside from naming the UCSAO as a defendant, plaintiffs do not make any direct allegations of the UCSAO's conduct in the complaint. *See* Docket 15-1 at 1. USCAO and Miller now move to dismiss the claims against them. Docket 15.

## LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell*, 550 U.S. at 556). "The plausibility standard is not akin

4

to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Bell*, 550 U.S. at 556). "When reviewing a motion to dismiss under Rule 12(b)(6), the court assumes that all facts in the complaint are true and construes any reasonable inferences from those facts in the light most favorable to the nonmoving party." *Meyer v. Pfeifle,* 2019 WL 1209776, at *2, (D.S.D. Mar. 14, 2019) (citing *Matsushita Elec. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986)).

Though Federal Rule of Civil Procedure 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," it is the plaintiff's obligation to plead facts that are "enough to raise a right to relief above the speculative level[.]" *Bell,* 550 U.S. at 555. A "formulaic recitation of the elements of a cause of action will not do," and courts are not bound to accept legal conclusions couched as factual allegations as true. *Id.*

## DISCUSSION

### I. Union County State's Attorney Office

UCSAO claims it is not amenable to suit because South Dakota state law does not permit suit by or against a state's attorney's office. Docket 15-1 at 4. Plaintiffs argue the UCSAO is a local governmental body and therefore amenable to suit under 42 U.S.C. § 1983 under *Monell v. Dept. of Social Services,* 436 U.S. 658, 690-95 (1978). Docket 21 at 9. Federal Rule of Civil Procedure 17(b) "defines when a party has the capacity to sue or be sued in federal court." *Lundquist v. Univ. of S.D. Sanford Sch. of Med.*, 705 F.3d 378, 379. Rule 17(b)(3) provides that whether a party may be sued is determined "by

5

the law of the state where the court is located." Fed. R. Civ. P. 17(b)(3). "One exception to this rule allows that 'a partnership or other unincorporated association with no such capacity under that state's law may sue or be sued in its common name to enforce a substantive right existing under the United States Constitution or laws[.]' " *Gomez v. Minnehaha Cnty. States Att'ys Off.*, 4:20-CV-04151-RAL, 2022 WL 523345 at *2 (D.S.D. Feb. 22, 2022) (alteration in original) (quoting Fed. R. Civ. P. 17(b)(3)(A)). "The United States Court of Appeals for the Eighth Circuit has explained that the exception . . . only applies when the entity in question has no capacity to sue or be sued under state law." *Id.* at *3, (citing *Lundquist*, 705 F.3d at 380).

Article III, Section 27 of the South Dakota Constitution provides that "[t]he Legislature shall direct by law and in what manner and in what courts suits may be brought against the state." S.D. Const. art. III, § 27. SDCL § 7-18-1 explicitly allows counties to "sue and be sued, plead and be impleaded, in any court in this state." SDCL § 7-18-1. SDCL Ch. 7-16, however, "does not contain a similar section sanctioning suits by or against a state's attorney office." *Gomez,* WL 523345 at *2. "Thus, South Dakota law authorizes suits against a county but not against the state's attorney office of that county." *Id.*

Because state law allows plaintiffs to bring their claims against Union County itself, Rule 17(b)(3) does not authorize an exception to state law allowing plaintiffs to bring additional claims against the UCSAO. The UCSAO is not explicitly amenable to suit under South Dakota law, SDCL § 7-18-1. Because the UCSAO is not amenable to suit by itself, the UCSAO is dismissed

6

as a party. *See Lundquist*, 705 F.3d at 380-81.

## II.   State's Attorney Jerry Miller

Plaintiffs bring claims against Miller, the Union County State's Attorney, in his individual and official capacity. Docket 1 at 1. Specifically, plaintiffs claim Miller violated their First and Fourteenth Amendment rights (Count 1) and retaliated against them in violation of their First Amendment rights (Count 3). *Id.* ¶¶ 58-69, 73-82. Plaintiffs also allege that their First and Fourteenth Amendment rights were violated because of the policies and customs of defendants (Count 2); that they are entitled to relief under 28 U.S.C. § 1343 (Count 4); and that they are entitled to declaratory relief (Count 5). *Id.* ¶¶ 66-72, 83-97. "A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent." *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). "Because the real party in interest in an official-capacity suit is the governmental entity and not the named official, 'the entity's "policy or custom" must have played a part in the violation.' " *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (quoting *Graham*, 473 U.S. at 166). "Personal-capacity suits, on the other hand, seek to impose individual liability upon a government officer for actions taken under color of state law." *Id.* "[T]he plaintiff in a personal-capacity suit need not establish a connection to governmental 'policy or custom,' " like the plaintiff must in an official capacity suit. *Id.* (citing *Graham*, 473 U.S. at 166-67).

The caption of the complaint specifies that the claims against Miller are

7

brought against him in both his individual capacity and his official capacity. Docket 1 at 1. Thus, the court will consider both individual and official capacity claims.

### A.     Official Capacity Claims

#### 1.     Injunctive Relief

The parties concede that Miller is amenable to suit for injunctive relief in his official capacity as Union County State's Attorney. *See* Docket 15-1 at 3. Thus, all counts seeking injunctive relief against Miller in his official capacity survive.

#### 2.     Money Damages

Plaintiffs also sue Miller in his official capacity for money damages. Docket 1 ¶¶ 66-72. "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). Plaintiffs' official capacity claims against Miller are equivalent to claims against Union County.

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). A local government may be sued only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy," deprives a plaintiff of a federal right. *Id.*; *see also Clay v. Conlee*, 815 F.2d 1164, 1170 (8th Cir. 1987) (finding that "the [governmental] entity's official 'policy or

custom' must have 'caused' the constitutional violation" in order for that entity to be liable under § 1983).

Thus, Count 2 as it relates to money damages survives dismissal. Because defendants do not contest the merits of Jorgensen's *Monell* claim for money damages at this time, the court declines to further consider the claim.

### B.  Individual Capacity Claims

Generally, prosecutors sued under 42 U.S.C. § 1983 are entitled to absolute immunity. *Kalina v. Fletcher,* 522 U.S. 118, 123-29 (1997). "[A]bsolute immunity defeats a suit at the outset, so long as the official's actions were within the scope of the immunity." *Imbler v. Pachtman,* 424 U.S. 409, 419 n.13 (1976). Prosecutors enjoy absolute immunity while performing their prosecutorial duties "insofar as that conduct is 'intimately associated with the judicial phase of the criminal process[.]' " *Burns v. Reed,* 500 U.S. 478, 486 (1991) (quoting *Imbler*, 424 U.S. at 430); *see also Anderson v. Larson*, 327 F.3d 762, 768 (8th Cir. 2003) (holding that absolute immunity shields prosecutors from liability for "prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process" (citations omitted)).

In other words, "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). When a court

reviews a claim of absolute immunity, it must look "to the nature of the function performed, not the identity of the actor who performed it." *Woodworth v. Hulshof*, 891 F.3d 1083, 1088-89 (8th Cir. 2018) (quoting *Buckley*, 509 U.S. at 269).

Absolute immunity may not apply when a prosecutor, instead of acting as "an officer of the court," is engaged in other tasks, such as "investigative or administrative tasks." *Van de Kamp v. Goldstein,* 555 U.S. 335, 342 (2009) (quoting *Imbler*, 424 U.S. at 431 n.33). Distinguishing between prosecutorial and investigative actions can be difficult, because "[p]reparation for initiation of the criminal process involves investigative work mixed with prosecutorial decision-making." *Williams v. Hartje,* 827 F.2d 1203, 1210 (8th Cir. 1987). "Investigative or administrative acts, particularly those that 'require legal knowledge and the exercise of related discretion,' can still be directly connected with a prosecutor's function as an advocate and therefore protected by absolute immunity." *Christensen v. Quinn*, 45 F. Supp. 3d 1043, 1086 (D.S.D. 2014) (quoting *Van de Kamp,* 555 U.S. at 344).

### 1. Injunctive Relief

The doctrine of absolute immunity for prosecutors, though applicable to claims for money damages, is not applicable to injunctive relief, declaratory relief, or attorney's fees. *See Sup. Ct. of Virginia v. Consumers Union of U.S., Inc.,* 446 U.S. 719, 736-38 (1980). Neither party disputes Miller's amenability to suit for declaratory and injunctive relief. *See* Docket 15-1 at 3. Thus, all claims against Miller in his individual capacity for injunctive and declaratory relief

survive, and the court only addresses plaintiffs' claims against Miller for money damages.

### 2. Money Damages

To support plaintiffs' claims against Miller in his individual capacity, plaintiffs allege that, in February and October of 2021, Miller "threatened to pursue criminal charges and injunctive relief against Plaintiffs for allowing people to gather on the Property." Docket 1 ¶ 23. Prosecutors enjoy absolute immunity in their review of and decisions to charge a violation of the law. *Imbler*, 424 U.S. at 420-31. Similarly, the Eighth Circuit held that "threatening criminal prosecution is within the scope of absolute immunity." *Myers v. Morris*, 810 F.2d 1437, 1446 (8th Cir. 1987) (citations omitted). Miller's decisions to pursue or threaten criminal charges are directly connected to his prosecutorial duties as an advocate in the judicial process and therefore protected by absolute immunity. Because this behavior is protected, plaintiffs must allege some other, non-immune behavior for the claim to survive dismissal.

Plaintiffs further allege that Miller attended a meeting on the Property in February 2022 in which he advised Jorgensen and her legal counsel that he "did not want her charging for weddings or events and that he had no problem with other gatherings[.]" Docket 21 at 6-7. Jorgensen's counsel was present at the Property when Miller and various Union County Officials met with Jorgensen. Docket 23 at 2-3. Plaintiffs cite *Freeman v. Blair*, 793 F.2d 166, 169

11

(8th Cir. 1986),[1] as an analogous situation to the meeting held on the Property. Docket 21 at 7-8. In *Freeman*, the plaintiffs refused to submit to a warrantless administrative inspection of their campgrounds, and their license to operate was summarily suspended as a result. 793 F.2d at 169. The Eighth Circuit found that the state officials who conducted the warrantless search were not entitled to absolute immunity for their actions. *Id.* at 171. The court reasoned that the decision to inspect, and "more particularly to inspect without a warrant . . . were not attended by any of the characteristics normally associated with the judicial process." *Id.*

Defendants cite *Hartmann v. Schauer*, 2022 WL 2318568 (D. Minn. June 28, 2022), a recent District of Minnesota case. Docket 23 at 4. In *Hartmann*, the plaintiffs modified a pole shed on their property and received a notice that they had violated a zoning ordinance stating that they needed a zoning permit for the modification. 2022 WL 2318568, at *1. They were also told that they needed to demonstrate that their septic system, which was in compliance at the time it was constructed in 1991, conformed to current zoning ordinances in order to receive a permit for the pole shed modification. *Id.* Plaintiffs failed to do so, and after civil enforcement actions were brought against them, brought their own suit in federal court. *Id.* at *1-2. The court stated that the "filing of a civil enforcement action against the Hartmanns for alleged non-compliance

---

[1] Although *Freeman* was vacated in *Blair v. Freeman*, 483 U.S. 1014 (1987), the Eighth Circuit "reaffirm[ed] and reinstate[d]" the portion of the opinion finding that absolute immunity did not apply. *Freeman v. Blair*, 862 F.2d 1330, 1331 (8th Cir. 1988) (per curiam).

with the zoning ordinances was a function analogous to a prosecutor" and found that the defendant prosecutor was entitled to absolute immunity for money damages claims. *Id.* at *3.

The court finds *Hartmann* instructive to the extent that Miller threatened to file and actually filed a civil enforcement action against plaintiffs. But to the extent that Miller acted other than to threaten, investigate, or file a civil enforcement action, he is not entitled to absolute immunity. Defendants argue that Miller was "represent[ing] the County in legal matters" when he met with Jorgensen on the Property in February 2022 and was thus acting in his capacity as the Union County State's Attorney. Docket 23 at 2-3. But the court considers "the nature of the function performed, not the identity of the actor who performed it" when considering absolute prosecutorial immunity. *Woodworth*, 891 F.3d at 1088-89 (quoting *Buckley*, 509 U.S. at 269). Defendants do not dispute plaintiffs' characterization of this meeting as a discussion of "the use of the property [and] potential changes to the Ordinance" and their characterization of the email exchanges as "discussions where Miller discussed and advised [Jorgensen] on her efforts to get a conditional use permit." Docket 23 at 2 (second alteration in original) (quoting Docket 21 at 6-7).

Defendants instead argue that Miller's actions fall into the category of acts discussed by this court in *Christensen*. Docket 23 at 3-4 (citing 45 F. Supp. 3d at 1086-87). In *Christensen*, this court stated that "[n]ot all of an advocate's work is done in the courtroom. For a lawyer to properly try a case,

13

he must confer with witnesses, and conduct some of his own factual investigation." 45 F. Supp. 3d at 1086 (quoting *Reasonover v. St. Louis County*, 447 F.3d 569, 580 (8th Cir. 2006)). Thus, acts that " 'require legal knowledge and the exercise of related discretion[ ]' can still be directly connected with a prosecutor's function as an advocate and therefore protected by absolute immunity." *Id.* (quoting *Van de Kamp*, 555 U.S. at 344).

In *Christensen*, the plaintiff sought to bring claims against the Turner County state's attorney for pursuing criminal action against him that he alleged was based on false accusations after the criminal charges were dismissed. *See id.* at 1055-58. This court considered several actions taken by the prosecutor, finding that some fell under absolute prosecutorial immunity and that others, even if the court were to find that prosecutorial immunity did not apply, fell under qualified immunity because the prosecutor's actions "were not objectively unreasonable in light of clearly established legal rules at that time." *Id.* at 1087-88. Thus, although this court noted that certain acts "can still be directly connected with a prosecutor's function as an advocate[,]" this court did not determine in *Christensen* that all acts alleged by the plaintiff in *Christensen* necessarily fell under prosecutorial immunity. *See id.* at 1086-88 (quoting *Van de Kamp*, 555 U.S. at 344).

Here, not all acts alleged by plaintiffs fall under Miller's absolute prosecutorial immunity. As alleged, Miller advised Jorgensen, in person and through emails to her attorney, as to use of the Property, how to comply with the ordinance, how to pursue a conditional use permit, and potential changes

14

to the ordinance. Docket 1 ¶ 25; Docket 21 at 6-7. While threats of civil enforcement actions, preparations, deliberations, and investigations directly connected with civil enforcement actions, and the bringing of those actions fall under absolute prosecutorial immunity, this court cannot conclude at this time that absolute immunity applies to all discussions pertaining to the zoning ordinance and the Property between Miller and plaintiffs and between Miller and Union County officials.

Thus, defendants' motion to dismiss Counts 1 and 3 against Miller in his individual capacity for money damages is granted to the extent that plaintiffs bring claims against Miller for his threats regarding civil enforcement actions, his investigations into civil enforcement actions, and his bringing of those actions. Defendants' motion to dismiss Counts 1 and 3 against Miller in his individual capacity for money damages is denied regarding all other actions by Miller. Because absolute prosecutorial immunity is limited to claims for money damages, Counts 1 and 3 against Miller survive to the extent they seek declaratory and injunctive relief. *See Consumers Union,* 446 U.S. at 736-38.

## CONCLUSION

Thus, it is ORDERED

That defendants' motion to dismiss is GRANTED in part and DENIED in part.

It is FURTHER ORDERED that Union County State's Attorney's Office is dismissed as a party. Counts 1 and 3 against Miller are dismissed to the extent that they request money damages for Miller's threats regarding civil

15

enforcement actions, his investigations into civil enforcement actions, and his bringing of those actions. But Counts 1 and 3 against Miller are not dismissed to the extent that they request money damages for all other actions by Miller and as to injunctive and declaratory relief.

It is FURTHER ORDERED that Count 2 is not dismissed as to any relief.

Dated July 31, 2023.

                BY THE COURT:

                /s/ *Karen E. Schreier*
                KAREN E. SCHREIER
                UNITED STATES DISTRICT JUDGE